**RUDYANTO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–75403.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Nov. 30, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Gihan Thomas, Gihan Thomas & Associates, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

### MEMORANDUM **

Rudyanto, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence adverse credibility determinations, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and review de novo due process claims, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). We deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination because

Rudyanto's testimony was inconsistent with his declaration concerning the year of the second attack, and the location where he regained consciousness following this attack. *See Chebchoub*, 257 F.3d at 1043 (9th Cir.2001) (inconsistencies in the details of events that form the basis for the asylum claim go to the heart of the claim and support an adverse credibility finding).

We reject Rudyanto's due process contention that he was not afforded with a competent interpreter at the merits hearing because he has failed to show "a better translation would have made a difference in the outcome of the hearing." *Kotasz v. INS*, 31 F.3d 847, 850 n. 2 (9th Cir.1994).

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).